UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG K. GARRETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>　　　　Defendants. | Case No.   1:23-cv-00372-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED; THAT PLAINTIFF'S MOTION TO INVOKE THE IMMINENT DANGER EXCEPTION BE DENIED; AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF Nos. 2, 3)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Craig K. Garrett is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On March 13, 2023, Plaintiff file an application to proceed *in forma pauperis* in this action. (ECF No. 2). Plaintiff also filed a motion to invoke imminent danger. (ECF No. 3).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

### I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Plaintiff's *in forma pauperis* application is governed by 28 U.S.C. § 1915. Pertinent here is the so called "three strikes provision."

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

### II. ANALYSIS

#### A. Strikes

Plaintiff filed this action on March 13, 2023. (ECF No. 1). Plaintiff also filed a separate motion to invoke the imminent danger exception. (ECF No. 3). Plaintiff states in this motion that he has "not had Three Strikes for 'frivolousness', 'maliciousness' or 'failure to state a claim.'"[1] (*Id.* at 1). However, Plaintiff argues that he is in imminent danger due to his status as a declarant witness in ongoing litigation against Richard J. Donovan facility staff for misconduct. (*Id.*)

Upon review of Plaintiff's prior cases, the Court concludes that, prior to Plaintiff filing the instant action, Plaintiff had at least three cases dismissed that count as "strikes." The Court takes judicial notice of the following three cases, each of which counts as a "strike": 1) *Garrett v. Madder, et al.*, Case No. 2:19-cv-05206-AB-KES (C.D. Cal.) (filed June 14, 2019) (denying IFP application after finding complaint to be frivolous in June 2019) (ECF No. 9)[2]; (2) *Garrett v.*

---

[1] Plaintiff's complaint indicates that he has only filed three previous lawsuits. (ECF No. 1, p. 2).

[2] In *Garrett v. Madder, et al.*, Plaintiff filed an appeal, however, the Ninth Circuit denied Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2). *Garrett v. Madder, et al.*, No. 19-55860 (9th Cir. Nov. 25, 2019); *Garrett v. Madder, et al.*, Case No. 2:19-cv-05206-AB-KES (C.D. Cal.) (ECF No. 13). The Court finds that the dismissal of Plaintiff's appeal as frivolous constitutes an

*Duncan*, 2:02-cv-01923-ABC-SGL (C.D. Cal.) (filed Mach 6, 2002) (dismissing case because "According to the complaint, plaintiff admits that he has failed to complete the grievance procedure and fully exhaust administrative remedies" in March 2002) (ECF No. 5, p. 1); *Garrett v. Diaz, et al.*, Case No. 3:19-cv-00510 (S.D. Cal.) (filed March 15, 2019) (dismissing case for failure to state claim in May 2019) (ECF No. 4), *affirmed Garrett v. Diaz, et al.*, No. 20-55367 (9th Cir. Jan. 22, 2021) (ECF No. 23).

Additionally, the Court notes that Plaintiff has been found by other courts to have incurred at least three "strikes": (1) *Garrett v. Diaz, et al.*, Case No. 3:21-cv-00265-WQH-MDD (S.D. Cal.) (filed February 2, 2021) (ECF No. 4, p. 7) ("Accordingly, because Garrett has, while incarcerated, accumulated more than three strikes pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action."); (2) *Garrett v. Madder, et al.*, Case No. 2:19-cv-05206-AB-KES (C.D. Cal.) (filed June 14, 2019) (ECF No. 9, p. 3-4) ("This Plaintiff's third strike under 28 U.S.C. § 1915(g)."); (3) *Garrett v. Diaz, et al.*, No. 21-56004 (9th Cir. April 21, 2022) ("Appellant's motion to proceed in forma pauperis (Docket Entry No. 3) is denied because appellant has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim and because appellant has not alleged any imminent danger of serious injury in this appeal.") (ECF No. 13, p. 1).

**B.   Imminent Danger**

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct

---

additional strike under § 1915(g).

evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's thirty-nine page complaint brings three causes of action against Kathleen Allison, the Secretary of CDCR, and Theresa Cisneros, the SATF Warden. (ECF No. 1). Plaintiff's first claim generally alleges that Secretary Allison and Warden Cisneros have violated Plaintiff's First and Fourteenth Amendment due a discriminatory hiring policy that disfavors non-black employees which "automatically creates the unconstitutional inequality proscribed by legislation." (*Id.* at 4). Plaintiff's second claim alleges that his Eighth and Fourteenth amendment rights were violated when "medical staff colluded with custodial staff" to place Plaintiff in administrative segregation. (*Id.* at 11). Plaintiff alleges the housing transfer was retaliatory, and because all individuals involved were non-black, demonstrates the CDCR's disparate hiring practices. (*Id.* at 12). Plaintiff's third claim alleges that his Fourteenth Amendment rights have been violated because his multiple grievances regarding the transfer to administrative segregation, discriminatory hiring practices, and denial of ADA accommodations have been suppressed. (*Id.* at 20).

With this backdrop in mind the Court turns to Plaintiff's argument that he is in imminent danger of serious physical injury. Plaintiff argues that has satisfied the imminent-danger requirement because unidentified CDCR staff and officials have arbitrarily attributed certain rules violations to Plaintiff as a pretense to keep Plaintiff housed in the maximum-security yard for

4

retaliatory purposes. (ECF No. 3, p. 2). Plaintiff further states that "[i]t has been over a year since both Rules Violation Appeals were sent to OIG (AIMS) with no response in order to keep me on a maximum-security prison yard where there is no rehabilitative or Board of Prison Hearing opportunities." (*Id.*) Plaintiff also argues his placement in administrative segregation violates medical regulations because inmates with "COPD and intermittent oxygen" are prohibited from SATF and KVSP. (*Id.*) Additionally, Plaintiff states that he "has difficulty breathing daily."

However, such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. As noted, under the nexus requirement, Plaintiff must allege an "imminent danger fairly traceable" to Defendants' conduct. *Ray*, 31 F.4th at 701. The theory of Plaintiff's complaint seems to be that Secretary Allison and Warden Cisneros are responsible for implementing polices that result in the hiring of white or hispanic correctional officers in overwhelming numbers so that CDCR can maintain a racial hierarchy where black inmates, like Plaintiff, are subject to daily constitutional violations. As a result, Plaintiff has been wrongfully placed in administrative segregation, which Plaintiff argues poses an imminent danger to Plaintiff. However, Plaintiff's assertion of "imminent danger due to his prison housing conditions," is too attenuated from the legal theories asserted against Secretary Allison and Warden Cisneros to be considered "fairly traceable" for purposes of § 1915(g). *Id.* (concluding that allegation of imminent danger due to prison housing conditions was not fairly traceable to alleged censorship and confiscation of prison mail). Importantly, Plaintiff provides no basis to believe the role these individuals have in hiring CDCR staff have directly contributed to the dangers Plaintiff allegedly faces while placed in administrative segregation.

Additionally, the dangers that Plaintiff states that he faces are only summarily alleged. For example, while Plaintiff mentions that he has trouble breathing daily and indicates that he is under incessant threats to his physical health, he offers no specific facts that, at the time he filed the complaint, he was in imminent danger from such threats. Moreover, the allegations in Plaintiff's complaint concerning racism and constitutional violations perpetuated on a daily basis by non-black employees against black inmates, which relate to him being in the black prison population and not to any risk specific to him at the time he filed his complaint, are too conclusory to conclude that Plaintiff meets the imminent-danger requirement under the standards

5

above.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

### III. CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* in this action (ECF No. 2) and motion to invoke the imminent danger exception (ECF No. 3) be denied; and

2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __March 30, 2023__         /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE