UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG K. GARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | No. 1:23-cv-00372-ADA-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO INVOKE IMMINENT DANGER EXCEPTION<br><br>(ECF Nos. 2, 3, 8)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Craig K. Garrett is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On March 13, 2023, Plaintiff filed an application to proceed in forma pauperis and a motion to invoke the imminent danger exception to the "three strikes" provision of 28 U.S.C. § 1915(g). (ECF No. 2, 3.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 31, 2023, the Magistrate Judge issued findings and recommendations, recommending that the Court deny Plaintiff's motions. (ECF No. 8.) Specifically, the Magistrate Judge found that Plaintiff had accrued at least three strikes prior to filing this action and that Plaintiff had not demonstrated that he was in imminent danger of serious physical injury at the time he filed his complaint. (*Id.*) Plaintiff filed timely objections on April 12, 2023 and an addendum to his objections on April 13, 2023. (ECF Nos. 9, 10.)

1     Plaintiff first objects to the Magistrate Judge's finding that he has three prior strikes under § 1915(g). (ECF No. 9 at 3.) Specifically, Plaintiff claims that the magistrate judge in *Garrett v. Duncan*, No. 2:02-cv-01923-ABC-SGL, dismissed the case based on Plaintiff's failure to exhaust administrative remedies, not because Plaintiff had failed to state a claim. (*Id.*) Failure to exhaust is typically an affirmative defense that will not result in a § 1915(g) strike. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016). When the failure is apparent on the face of the complaint, however, it subjects the case to dismissal for a failure to state a claim, which does result in a strike. *See id.* at 1044. The court in *Garrett v. Duncan* dismissed plaintiff's claim because Plaintiff's failure to exhaust was apparent on the face of the complaint. *Garrett v. Duncan*, No. 2:02-cv-01923-ABC-SGL (C.D. Cal. Mar. 28, 2002), ECF No. 5. The Magistrate Judge in this case, therefore, did not err by counting the dismissal in *Garrett v. Duncan* as a strike for purposes of § 1915(g).

    Plaintiff also disputes the import of the Ninth Circuit's dismissal of Plaintiff's appeal in *Garrett v. Diaz*, No. 3:19-cv-00510-CAB-MSB. (ECF No. 9 at 3.) This argument lacks merit. In that case, the Ninth Circuit reviewed the district court's dismissal of Plaintiff's complaint for failure to state a claim, concluded that "the questions raised in this appeal are so insubstantial as not to require further argument," and summarily affirmed the district court's judgment. *Garrett v. Diaz*, No. 20-55367 (9th Cir. Jan. 22, 2021), ECF No. 12. The Magistrate Judge did not err in concluding that this matter constituted a strike under § 1915(g).

    Finally, Plaintiff argues that he has alleged sufficient information to qualify for the "imminent danger" exception to § 1915(g). (ECF No. 9 at 3.) He claims that, since filing his complaint, he has experienced "widespread" retaliation that has "resulted in multiple injuries prior to and after the initial filing." (*Id.*) He also alleges that guards took him to the administrative segregation unit and used "excessive force" to take him to a medical appointment in order to cause him "injury and pain." (*Id.* at 4.) These conclusory and generalized allegations of harm are not sufficient to invoke the imminent danger exception to § 1915(g). *See White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (refusing to invoke the "imminent danger" exception based on "vague and utterly conclusory assertions"). Plaintiff also asserts that his

placement in the Substance Abuse Treatment Facility prevents him from using a medically necessary C-PAP machine.  (ECF No. 10 at 2.)  He claims that the Magistrate Judge failed to liberally construe how this medical issue has a nexus with the allegations in the complaint.  (*Id.* at 3.)  The Court disagrees.  To bypass the "three strikes" rule, a plaintiff must "allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court."  *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).  As the Magistrate Judge explained, Plaintiff's allegations are not only conclusory, but they are also too attenuated from his claims about discriminatory hiring practices to be "fairly traceable."  (*See* ECF No. 8 at 5.)  The Court is also not convinced that Plaintiff's alleged harms would be redressable by a court order.  Changes to the hiring practices at either Kern Valley State Prison or the California Department of Corrections and Rehabilitation would not necessarily lead to changes in Plaintiff's housing location or course of medical treatment.  While Plaintiff is correct that courts must construe pro se filings liberally, the Ninth Circuit has emphasized the need to read the "imminent danger" exception narrowly.  *See id.*  The Court agrees with the Magistrate Judge that Plaintiff's allegations are insufficient to trigger this exception.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The March 31, 2023 findings and recommendations, (ECF No. 8), are adopted, in full;
2. Plaintiff's application to proceed in forma pauperis, (ECF No. 2), and motion to invoke the imminent danger exception to 28 U.S.C. § 1915(g), (ECF No. 3), are denied;

///

///

///

3.  Within 30 days of service of this order, Plaintiff shall pay the $402.00 filing fee in full.  Plaintiff is advised that his failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

Dated: __August 17, 2023__              _____
                                        UNITED STATES DISTRICT JUDGE

4